IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

**EOD**
02/13/2006

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **DAVID C. MARTIN** | § | |
| xxx-xx-2780 | § | Case No. 04-20531 |
| **and KIMBERLY K. MARTIN** | § | |
| xxx-xx-1021 | § | |
| 4932 Montrose Lane, Longview, TX 75606 | § | |
| | § | |
| Debtors | § | Chapter 13 |

## MEMORANDUM OF DECISION[1]

This matter is before the Court to consider confirmation of the Debtors' Second Amended Chapter 13 Plan proposed by the Debtors, David C. and Kimberly K. Martin ("Debtors"), the Debtors in the above-referenced case. Ronald E. Stadtmueller, Chapter 13 Trustee, objected to the confirmation of the Plan on the grounds that the Debtors are not applying all of their projected disposable income for the first three years of the Plan, in contravention of 11 U.S.C. §1325(b)(1)(B).[2] At the conclusion of the hearing, the Court permitted the parties to submit post-hearing briefing. Upon receipt of the briefing, the Court took the matter under advisement. This memorandum of decision disposes of all issues pending before the Court.[3]

---

[1]This Memorandum of Decision is not designated for publication and shall not be considered as precedent, except under the respective doctrines of claim preclusion, issue preclusion, the law of the case or as to other evidentiary doctrines applicable to the specific parties in this proceeding.

[2] Other confirmation objections raised by the Trustee were resolved prior to the hearing.

[3] This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §1334(b) and 28 U.S.C. §157(a). The Court has the authority to enter a final order in this contested matter since it

**Background**

After one denial of confirmation, the Debtors seek to confirm their Second Amended Chapter 13 Plan which proposes a monthly payment of $1,104.00 for six months, $738.00 per month for the next three months, and $712.00 for the next 25 months, for a total gross sum of $26,638.00.  The case presents an unusual situation in which the Trustee is objecting to a plan which proposes to pay the aggregate amount of all allowed claims over a 34-month span.  The Trustee's objection is based upon the Debtors' alleged failure to dedicate all of their projected disposable income to the proposed plan for the remaining two months of the first three-year period of the Plan, in contravention of 11 U.S.C. §1325(b)(1)(B), or until such time as needed for the Debtors to meet the alternative payment-in-full standard of 11 U.S.C. §1325(b)(1)(A), which the Trustee asserts cannot be satisfied without the payment of interest to the holders of allowed unsecured claims.  The Debtors admit that their plan does not propose to pay any interest component to the unsecured creditors, but claim that payment of the allowed unsecured claim amounts without interest is sufficient to meet the requirements of §1325(b)(1)(A).

---

constitutes a core proceeding as contemplated by 28 U.S.C. §157(b)(2)(A), (L), and (O).

**Discussion**

In the context of considering confirmation of a Chapter 13 plan proposed by a debtor who is not engaged in business, 11 U.S.C. §1325(b) provides that:

> (b)(1) [i]f the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan —
> 
> (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
> 
> (B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.
>
> (2) For purposes of this subsection, "disposable income" means income which is received by the debtor and which is not reasonably necessary to be expended —
>
> (A) for the maintenance or support of the debtor or a dependent of the debtor....[4]

The Debtors assert that the Court should never reach any analysis of §1325(b)(1)(B) because they have fulfilled the requirements of §1325(b)(1)(A). Of course, the Debtors are under a burden to demonstrate that proposition by a preponderance of the evidence. Yet the Debtors presented this solely as a question of law

---

[4] If a debtor is engaged in business, §1325(b)(2)(B) also deletes from "disposable income" any income which must be expended "for the payment of expenditures necessary for the continuation, preservation, and operation of such business."

— whether a plan proponent must pay interest to one or more of the unsecured creditors in order to satisfy the requirements of §1325(b)(1)(A).

The jurisprudence in this area is scarce, but at least one reported decision rejected the idea that §1325(b)(1)(A) required the payment of interest because the statute placed the phrase "as of the effective date of the plan" before the term "value," as opposed to using the phrase "value, as of the effective date of the plan" which it acknowledged as the phrase that Congress used in other sections to denote a present value requirement. See *In re Eaton*, 130 B.R. 74, 78 (Bankr. S.D. Iowa 1991). Though admittedly the amendments to §1325(b) have rendered the syntax of that subsection rather awkward, the Court finds such an analysis to be specious and unpersuasive.[5]

The better-reasoned view is that interest must be paid on deferred payments in order to fulfill the payment-in-full requirements of §1325(b)(1)(A). Despite the stilted language arising from multiple amendments of this statute, it still remains that the present value language in §1325(b)(1)(A) is virtually the same as that utilized by several other sections of the Bankruptcy Code which mandate the payment of interest in order that a creditor receive the value of his claim on the effective date of the plan.[6] As one leading

---

[5] Surprisingly, that analysis is also adopted by a leading bankruptcy treatise. See 8 COLLIER ON BANKRUPTCY ¶ 1325.08[3] at p.1325-49 (15th ed. rev. 2004).

[6] See Pearson, Jackson & Nohr, *Ending the Judicial Snipe Hunt: the Search for the Cramdown Interest*, 4 AM. BANKR. INST. L. REV. 35, 36 n.9 (1996) which finds a present value analysis necessary in §1325(b)(1)(A) and "virtually identical" with those appearing in §§1129(b)(2)(A)(i)(II), §§1129(a)(7)(A)(ii) and (C), §§1129(a)(9)(B)(i) and (C), §1225(b)(1)(A), §1225(a)(5)(B)(ii), §1325(a)(4), and §1325(a)(5)(B)(ii).

Chapter 13 commentator has observed:

> To satisfy the payment-in-full option in §1325(b)(1)(A), the debtor must propose "as of the effective date of the plan" that the value of property to be distributed under the plan is not less than the amount of the objecting claim holder's claim. "As of the effective date of the plan" appears several other places in Chapter 13 and is universally interpreted to mean present value. In practical terms, present value translates into the payment of interest to compensate the claim holder for payment over time. Under the alternative in §1325(b)(1)(A), if the debtor cannot cash out the objecting unsecured claim holder on the effective date of the plan, then the debtor must pay the claim in full *with interest* through the plan.

2 KEITH M. LUNDIN, CHAPTER 13 BANKRUPTCY ¶ 168.1 at p. 168-1 and 168-2 (3d ed. 2000 & Supp. 2002) (footnotes omitted and emphasis in original). See also 5 NORTON BANKRUPTCY LAW & PRACTICE 2d §122:10 at p. 122-94 and 122-95 (1997 & Supp. 2005) ["If an allowed unsecured claim holder objects to confirmation and if the debtor desires to deal with the objection pursuant to Code §1325(b)(1)(A), the debtor will have to pay the present value of the allowed amount of the objecting unsecured claim holder's claim. If the Chapter 13 plan proposes to pay unsecured claims in deferred payments, Code §1325(b)(1)(A) would require the payment of interest to the dissenting holder of an allowed unsecured claim."].

The Debtors' proposed plan admittedly contains no provision for the payment of interest to the class of allowed unsecured claims which, by the Court's calculations, is likely to prompt the Debtors to proceed to fulfill the 36-month disposable income

requirement under §1325(b)(1)(B) rather than debating the fulfillment of §1325(b)(1)(A).[7] Regardless of the path by which the Debtors ultimately choose to proceed, it is clear that confirmation of the Debtors' Second Amended Plan must be denied. In light of this second denial of confirmation in this case, the Court shall order the Debtors to file a new Chapter 13 plan within thirty (30) days of the date of this Order and, in the event that the Debtors fail to file a new Chapter 13 plan within thirty (30) days of the date of this Order, absent a further order of the Court extending such deadline for cause shown, or in the event that the Debtors thereafter fail to confirm such new Chapter 13 plan upon consideration by this Court under its normal procedures, this Chapter 13 case shall be dismissed, pursuant to §349(a) of the Bankruptcy Code, without further notice or hearing and with prejudice to the rights of these Debtors to file a subsequent petition under any of the provisions of Title 11, United States Code, for a period of one hundred twenty (120) days from the entry of the order of dismissal.

---

[7] Seeking to demonstrate the fulfillment of §1325(b)(1)(A), in the absence of any agreement with the objecting party, would obviously require the Debtors to present evidence at a new confirmation hearing as to what would constitute a rate of interest sufficient to pay the present value of the allowed unsecured claim amounts. *See Till v. SCS Credit Corp.*, 541 U.S. 465, 479-80, 124 S.Ct. 1951, 1961-62, 158 L.Ed.2d 787 (2004) in which the United States Supreme Court observed that:

> [B]ecause bankrupt debtors typically pose a greater risk of nonpayment than solvent commercial borrowers, the approach then requires a bankruptcy court to adjust the prime rate accordingly. The appropriate size of that risk adjustment depends, of course, on such factors as the circumstances of the estate, the nature of the security, and the duration and feasibility of the reorganization plan. The court must therefore hold a hearing at which the debtor and any creditors may present evidence about the appropriate risk adjustment.

This memorandum of decision constitutes the Court's findings of fact and conclusions of law[8] pursuant to Fed. R. Civ. P. 52, as incorporated into contested matters in bankruptcy cases by Fed. R. Bankr. P. 7052 and 9014. A separate order will be entered which is consistent with this opinion.

Signed on 2/13/2006

THE HONORABLE BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE

---

[8] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent any conclusion of law is construed to be a finding of fact, it is hereby adopted as such. The Court reserves the right to make additional findings and conclusions as necessary or as may be requested by any party.